DAVID B. GOLUBCHK (SBN 185520)
JOHN-PATRICK M. FRITZ (SBN 245240)
JOSEPH M. ROTHBERG (SBN 286363)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue,
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; JPF@LNBYG.COM; JMR@LNBYG.COM

Attorneys for Defendants Andrew Stupin and Julie Stupin,
Chapter 11 Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>ANDREW STUPIN and JULIE STUPIN,<br><br>Debtors and Debtors in Possession.<br>---<br>TAYLER CARANO and NATALI CARANO,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW STUPIN and JULIE STUPIN,<br><br>Defendants. | Case No. 8:26-bk-11202-SC<br><br>Chapter 11<br><br>Adv. No. 8:26-ap-01093-SC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION: (1) TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE; OR (2) FOR MORE DEFINITIVE STATEMENT PURSUANT TO RULE 12(E) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>[Request for Judicial Notice and Declaration of Joesph M. Rothberg in Support Filed Separately and Concurrently]<br><br>Hearing:<br>Date: November 18, 2026<br>Time: 11:00 a.m.<br>Place: Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

## TABLE OF CONTENTS


**MEMORANDUM OF POINTS AND AUTHORITIES** ........ 4

**I. Summary Of Argument** ........ 4

**II. Relevant Allegations Plead in The FAC** ........ 4

**III. Procedural History** ........ 5

**IV. Discussion** ........ 5

**A. The Pleading Standard ........ 5**

**B. Plaintiffs Cannot Possibly State a Claim for Relief Section 523(a)(2)(A) Because Debtors Meet the Exclusion for Statements Respecting Financial Condition of an Insider ........ 6**

**C. The FAC Suggests that Plaintiffs Intended (but Failed) to Adequately Plead Section 523(a)(2)(B) Instead of Section 523(a)(2)(A) ........ 7**

**D. Even if Plaintiffs Are Not Excluded from Pleading Section 523(a)(2)(A), the Court Should Dismiss the First Cause of Action Under Section 523(a)(2)(A) for Failure to Plead Required Elements and Failure to Plead with Particularity ........ 9**

**1. Plaintiffs' Factual Allegations Are Temporally Implausible and Unspecific ........ 9**

**2. The FAC Lacks Sufficient Allegations as to the Falsity of Andrew's Alleged Misrepresentations ........ 10**

**3. The FAC Provides Even Less Factual Detail Than the Complaint Did ........ 10**

**4. The FAC Contains a "Kitchen Sink"-Style Claim Under Section 523(a)(2)(A), but Fails to Plead the Requisite Elements ........ 12**

**E. Plaintiffs' Second Cause of Action Fails to State a Claim for Embezzlement Under Section 523(a)(4) ........ 14**

**F. Plaintiff's' Third Cause of Action Fails to State a Claim Under Section 523(a)(6) ........ 15**

**G. The Fourth Cause of Action Under 11 U.S.C. § 529(a)(19) Should Be Dismissed ........ 16**

**H. The Fifth Cause of Action Related to Community Claims Should Be Dismissed ........ 19**

**I. Debtor's Rights to Article III Tribunal and Jury Trial Are Reserved ........ 19**

**J. To the Extent the Complaint Is Not Dismissed, the Court Should Order Plaintiffs to Make a More Definitive Statement ........ 20**

**V. Conclusion** ........ 21

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ....................5, 6, 16

*In re Bae*,
645 B.R. 272 (Bankr. N.D. Cal. 2022) ....................17

*Barboza v. New Form, Inc. (In re Barboza)*,
545 F.3d 702 (9th Cir. 2008) ....................16

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 554 (2007) ....................5, 16

*Beneficial Cal., Inc. v. Brown (In re Brown)*,
217 B.R. 857 (Bankr. S.D. Cal. 1998) ....................14

*Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*,
983 F.3d 435 (9th Cir. 2020) ....................6, 18

*In re Boyajian*,
367 B.R. 138 (B.A.P. 9th Cir. 2007) ....................8

*Candland v. Ins. Co. of N. Am. (In re Candland)*,
90 F.3d 1466 (9th Cir. 1996) ....................8

*Carrillo v. Su (In re Su)*,
290 F.3d 1140 (9th Cir.2002) ....................16

*Executive Benefits Ins. Agency v. Arkinson*,
134 S.Ct. 2165 (2014) ....................19

*Executive Benefits Ins. Agency v. Arkinson (In re Bellingham Insurance Agency, Inc.)*,
702 F.3d 553 (9th Cir. 2012) ....................19

*Famolare, Inc. v. Edison Bros. Stores, Inc.*,
525 F. Supp. 940 (E.D. Cal. 1981) ....................20

*Field v. Mans*,
516 U.S. 59 (1995) ....................13

*FRA S.p.A v. Surg-O-Flex of Am.*,
415 F. Supp. 421 (S.D.N.Y. 1976) ....................20

*Frederick v. Koziol*,
772 F.Supp. 1019 (E.D.Va.1990) ....................20

*Ghomeshi v. Sabban (In re Sabban)*,
600 F.3d 1219 (9th Cir. 2010) ....................13

*Granfinanciera, S.A. v. Nordberg*,
492 U.S. 33 (1989)....................20

*United States ex rel. Grubbs v. Kanneganti*,
565 F.3d 180 (5th Cir.2009) ....................14

*Husky Int'l Electronics v. Ritz*,
136 S.Ct. 1581 (2016)....................12

*Jackson v. Carey*,
353 F.3d 750 (9th Cir. 2003) ....................14, 16, 18

*Kaplan v. Rose*,
49 F.3d 1363 (9th Cir. 1994) ....................9

*Kawaauhau v. Geiger*,
523 U.S. 57 (1998)....................15

*In re Kirsh*,
973 F.2d 1454 (9th Cir. 1992) ....................13

*Lamar, Archer & Coffrin, LLP v. Appling*,
584 U.S. 709 (2018)....................7

*LBS Financial CU v. Cracium (In re Cracium)*,
2014 WL 2211742 (B.A.P. 9th Cir. May 28, 2014) ....................9, 11

*In re Littleton*,
942 F.2d 551 (9th Cir. 1991) ....................15

*In re Longview Aluminum, L.L.C.*,
657 F.3d 507 (7th Cir. 2011) ....................7

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) ....................14, 16, 18

*McCrary v. Barrack (In re Barrack)*,
217 B.R. 598 (B.A.P. 9th Cir. 1998)....................7, 8, 15

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) ....................5

*In re Peltier*,
643 B.R. 349 (B.A.P. 9th Cir. 2022)....................15

*PRN Real Est. & Invs., Ltd. v. Cole*,
85 F.4th 1324 (11th Cir. 2023) ....................12

*In re Razavi*,
539 B.R. 574 (Bankr. N.D. Cal. 2015) ....................15

*Rolo v. City Invest. Co. Liquidating Trust.*,
155 F.3d 644 (3d Cir. 1998)....................11

*Salameh v. Tarsadia Hotel*,
726 F.3d 1123 (9th Cir. 2013) ....................11

*Stern v. Marshall*,
131 S.Ct. 2594 (2012)....................19

*Veazey v. Sutton (In re Sutton)*,
2016 WL 3224736 (Bankr. N.D. Ga. June 2, 2016) ....................12

*In re Wada*,
210 B.R. 572 (B.A.P. 9th Cir. 1997)....................14

*In re Wagoner Funds, Inc. Sec. Litig.*,
382 F. Supp. 2d 1173 (N.D. Cal. 2004) ....................11

*Wellness Intern Network, Ltd. v. Sharif*,
135 S.Ct. 1932 (2015)....................19

*In re Wigley*,
15 F.4th 1208 (8th Cir. 2021) ....................12

**Other State Cases**

*James Watt Investments, LLC v. Stupin*
(Adv. No. 8:26-ap-01094-SC) ....................18

**Federal Statutes**

11 U.S.C.
§ 101(31)....................7, 8
§ 101(31)(A)(iv)....................7
§ 523....................7, 8, 18
§ 1107....................5

28 U.S.C.
§ 1334....................2

**California Statutes**

Cal. Corp. Code
§ 25102(p)....................18

California Corporations Code
§ 25110....................17, 18

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) .......... 5

**PLEASE TAKE NOTICE** that Andrew Stupin ("Andrew") and Julie Stupin ("Julie"), the debtors and the debtors in possession in the above-captioned chapter 11 bankruptcy case and the defendants in the above-captioned adversary proceeding (collectively, the "Debtors" or the "Stupins"), respectfully submit their motion (the "Motion") requesting the Court dismiss the first amended complaint (the "FAC") filed by Tayler Carano and Natali Carano (each a "Plaintiff" and collectively, the "Plaintiffs"), or requiring a more definite statement of the FAC. The hearing on the Motion will take place at 11:00 a.m. on November 18, 2026, before the Honorable Scott C. Clarkson, United States Bankruptcy Judge for the Central District of California (the "Court"), in Courtroom 5C on the Fifth Floor of the United States Bankruptcy Courthouse located at 411 West Fourth Street, Santa Ana, California 92701.

The bases of the Motion are this Notice, the Motion, the memorandum of points and authorities in support of the Motion, the separately and concurrently filed request for judicial notice ("RJN") and declaration of Joseph M. Rothberg, 28 U.S.C. § 1334, Rule 7009 of the Federal Rules of Bankruptcy Procedure, Rule 9 of the Federal Rules of Civil Procedure, Rule 7012 of the Federal Rules of Bankruptcy Procedure, Rule 12 of the Federal Rules of Civil Procedure, and Rule 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California. The Debtors request that the Court take judicial notice of Plaintiffs' original complaint and first amended complaint filed as docket entry numbers 1 and 8, respectively, in this adversary proceeding, other documents annexed to the RJN, and all matters of which the Court may properly take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have reserved their rights to have certain matters heard by an Article III tribunal and to jury trial as set forth in greater detail in Section IV.I of the annexed memorandum of points and authorities.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), the deadline for filing an objection or response to the Motion is fourteen (14) days prior to the hearing date on the Motion. Any such objection or response must be filed with the Court and served on counsel for the Debtors with a courtesy copy delivered to the Court. Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to file a timely written objection or response may be deemed by the Bankruptcy Court to be consent to the granting of relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Court may allow the utilization of ZoomGov for the above-referenced hearing on this Motion subject to the Court's instructions to be provided in its tentative ruling on the Motion. Such ZoomGov accessibility information for the hearing on the Motion will be provided by the Court in its tentative ruling prior to the hearing and can be obtained on Judge Clarkson's posted hearing calendar which may be viewed online at**:** http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

Dated: October 15, 2026

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: */s/ David B. Golubchik*
DAVID B. GOLUBCHIK
JOHN-PATRICK M. FRITZ
JOSEPH M. ROTHBERG

Attorneys for Defendants Andrew Stupin and Julie Stupin, Chapter 11 Debtors and Debtors in Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. <u>SUMMARY OF ARGUMENT</u>

Simply put, none of Plaintiffs' claims for relief can withstand scrutiny and, as a result, all of the claims should be dismissed. In the alternative, the Court should require a more definitive statement as to the bankruptcy matters.

The Court should dismiss Plaintiffs' First, Second, Third, and Fourth Causes of Action under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), 523(a)(6), 523(a)(19) for failure to plead allegations of fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Furthermore, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should dismiss Plaintiffs' Fourth Cause of Action under 11 U.S.C. § 523(a)(19) for lack of jurisdiction and premature because no court has entered a judgment, order, consent decree, or decree related to securities fraud, and this Court lacks jurisdiction to do so. The Fifth Cause of Action, for determining community claims non-dischargeable, relies on the First through Fourth Causes of Action, and when the First through Fourth Causes of Action are dismissed, the Fifth Action cannot stand alone and should be dismissed as well. To the extent that the Court does not dismiss the FAC (though it should be dismissed), the Debtors submit that the FAC is too vague and lacking in necessary information for the Debtors to be able to adequately understand the nature of the allegations and answer and defend against them.

The Debtors strongly dispute the allegations made by Plaintiffs in the FAC. However, because Rule 12(b) requires the Court to evaluate a motion to dismiss on the four corners of the complaint and matters properly taken under judicial notice, the Debtors respond within those parameters and reserve all of their rights, defenses, and refutations for an answer, if and when needed, in a court of competent jurisdiction.

## II. <u>RELEVANT ALLEGATIONS PLEAD IN THE FAC</u>

The FAC alleges that Andrew Stupin provided written promotional materials concerning "hotel Laguna Resort Collection to the Plaintiffs for the consideration in investing in that project. [Adv.Dkt. 8 at pp. 4 – 6 (¶¶12 - 15)]. Plaintiffs allege that they then invested $1,000,000 in Hotel Laguna. [*Id*. at p. 6 (¶16)]. Plaintiffs complaint that their investment did not make the 15% immediate return *per annum* that they claim was promised or triple their investment. [*Id*. at p. 5, 7 (¶14 and ¶23)].

## III. PROCEDURAL HISTORY

The Debtors commenced their joint bankruptcy case by filing a voluntary chapter 11 petition on April 17, 2026 (the "Petition Date"). The Debtors continue to manage their financial affairs and bankruptcy estate as debtors in possession pursuant to 11 U.S.C. § 1107. On September 15, 2026, Plaintiffs filed a complaint against the Debtors, commencing this adversary proceeding (the "Adversary Proceeding"). Case Dkt. 339; Adv. Dkt. 1 (the "Complaint"). On September 24, 2026, Plaintiffs filed a first amended complaint. Adv. Dkt. 8 (the "FAC").

## IV. DISCUSSION

### A. The Pleading Standard

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In sum, *Twombly* raised the bar for notice pleadings under Rule 8(a), but a complaint will survive a motion to dismiss under Rule 12(b) so long as "the non-conclusory 'factual content,' and reasonable inferences from that content . . . plausibly [suggest] a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Although a complaint merely must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "detailed factual allegations are not required," a complaint must nonetheless have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949. A claim is

facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id* at 1940.

In assessing the sufficiency of a complaint, the court "may also consider [1] materials that are submitted with and attached to the complaint; [2] judicial notice of matters of public record; and [3] unattached evidence on which the complaint necessarily relies if: [a] the complaint refers to the document; [b] the document is central to the plaintiff's claim; and [c] no party questions the authenticity of the document." *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020) (quoting *United States v. Corinthian Colls.*, 655 F.3d 984, 998– 99 (9th Cir. 2011) (internal quotation marks omitted). As discussed herein, the Debtors request that the Court take judicial notice of: (i) the Complaint, Adv. Dkt. 1; and (ii) the Amended and Restated Operating Agreement of Harbor Island Group LLC, which the FAC references, Adv. Dkt. 8 at 9:11–13 (¶ 27). A separate request for judicial notice has been filed concurrently with this Motion.

**B. <u>Plaintiffs Cannot Possibly State a Claim for Relief Section 523(a)(2)(A) Because Debtors Meet the Exclusion for Statements Respecting Financial Condition of an Insider</u>**

On the face of the FAC, Plaintiffs admit that they are foreclosed from invoking the discharge exception set forth in 11 U.S.C. § 523(a)(2)(A) against the Stupins. Section 523(a)(2)(A) of the Bankruptcy Code. Such section provides, in pertinent part as follows: :

> (a) A discharge . . . does not discharge an individual debtor from any debt…
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false representation, or actual fraud, ***other than a statement respecting the debtor's or an insider's financial condition*** . . . .

11 U.S.C. § 523(a)(2)(A) (emphasis added). Notably, when Plaintiffs quoted § 523(a)(2)(A) in the FAC, they stopped just short of the operative exception and, furthermore, despite using ellipses within part of the quote, specifically refrained from using an ellipsis at the end of the quote so as to conceal the fact that operative exception language was being omitted, [FAC ¶32 ln.19-22]. Plaintiffs were either unaware of full wording of the statute or (more likely) were well aware but hoped that the Court would not notice the statutory exclusion. *See* Adv. Dkt. 8 at 10:19–21 (¶ 32).

Section 523(a)(2)(A) excepts debts associated with oral statements, as opposed to debts associated with the "use of a statement in writing." *Compare* 11 U.S.C. § 523(a)(2)(A) *with* 11 U.S.C. § 523(a)(2)(B). Critically, under the terms of section 523(a)(2)(A), if the oral statement is "one respecting the debtor's ***or an insider's*** financial condition," then "the associated debt may be discharged, even if the statement was false." *Lamar, Archer & Coffrin, LLP v. Appling*, 584 U.S. 709, 712 (2018) (emphasis added).

Where a debtor is an individual like Andrew, an "insider" of the debtor includes a "corporation of which the debtor is a director, officer, or person in control." 11 U.S.C. § 101(31)(A)(iv). "Corporation" is defined to include, among other things, an "association having a power or privilege that a private corporation, but not an individual or a partnership, possesses." *Id.* § 101(9)(A)(i). Courts have found that the definition of corporation includes limited liability companies. *In re Longview Aluminum, L.L.C.*, 657 F.3d 507, 509 n.1 (7th Cir. 2011). Therefore, an insider of an individual debtor can include a limited liability company that the debtor controls.

Analyzing what constitutes an "insider" matters as to Plaintiffs' use of the non-dischargeability provisions for oral statements, because Plaintiffs are actually complaining about a *debtor's oral statement of an insider's financial condition*, and such statements are simply not actionable under the plain language of section 523(a)(2)(A). Plaintiffs have alleged misrepresentations based upon "written promotional materials" concerning the Hotel Laguna [Adv. Dkt. 8 at 4:25, 11:27 (¶¶ 13, 36)], which is allegedly managed by "Harbor Island Group LLC" and "Coastline Real Estate Investments, LLC," for which Andew is "the founder, principal, control person" [Adv. Dkt. 8 at 3:26 (¶ 9)], and, therefore, an insider and affiliate under 11 U.S.C. § 101(31).

## C. <u>The FAC Suggests that Plaintiffs Intended (but Failed) to Adequately Plead Section 523(a)(2)(B) Instead of Section 523(a)(2)(A)</u>

"It is well established that [sections 523(a)(2)(A) and 523(a)(2)(B)] are mutually exclusive." *McCrary v. Barrack (In re Barrack)*, 217 B.R. 598, 605 (B.A.P. 9th Cir. 1998). Section 523(a)(2)(B) addresses written misrepresentations concerning a debtor's or insiders' financial condition, while section 523(a)(2)(A) addresses all other misrepresentations. *See* 11 U.S.C. §§ 523(a)(2)(A)–(B). The mutual exclusivity of these claims is important because section 523(a)(2)(A) addresses general fraud at common law where reliance by the creditor need only be "justifiable," whereas section 523(a)(2)(B) addresses

misrepresentations in writing and the more rigorous "reasonable reliance standard." *Barrack*, 217 B.R. at 605.

Although Plaintiffs have pleaded the First Cause of Action under section 523(a)(2)(A), Plaintiffs have alleged misrepresentations based upon "written promotional materials" concerning the Hotel Laguna [Adv. Dkt. 8 at 4:25, 11:27 (¶¶ 13, 36)], which is allegedly managed by "Harbor Island Group LLC" and "Coastline Real Estate Investments, LLC," for which Andew is "the founder, principal, control person [Adv. Dkt. 8 at 3:26 (¶ 9)], and, therefore, an insider and affiliate under 11 U.S.C. §101(31). Plaintiffs' cannot possibly state a claim for relief under section 523(a)(2)(A) because it specifically excludes "a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Furthermore, when the allegation involves a "statement in writing," the claim must be asserted under section 523(a)(2)(B). *See* 11 U.S.C. § 523(a)(2)(B).

The plain language of section 523(a)(2)(B) lays out the elements of the claim:

> (a) A discharge under section 727 of this title does not discharge an individual debtor from any debt –
>
> (2) For money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by –
>
> (B) ***Use of a statement in writing*** –
>
> (i) That is materially false;
>
> (ii) Respecting the debtor's or an insider's financial condition;
>
> (iii) On which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>
> (iv) That the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(B) (emphasis added); *see also In re Boyajian*, 367 B.R. 138, 141 (B.A.P. 9th Cir. 2007); *Candland v. Ins. Co. of N. Am. (In re Candland)*, 90 F.3d 1466, 1469 (9th Cir. 1996) (listing seven elements for section 523(a)(2)(B) claim). Plaintiffs — having improperly relied on section 523(a)(2)(A) to the complete exclusion of section 523(a)(2)(B) — have failed to plead with particularity or even set forth the basic elements of the claim under section 523(a)(2)(B). *See generally* Adv. Dkt. 8. Therefore, Plaintiffs' claim for relief under section 523(a)(2)(A) fails as a matter of law and should be dismissed.

Because Plaintiffs cannot possibly amend the FAC to assert a claim for relief under section 523(a)(2)(A), the dismissal should be without leave to amend.

**D. Even if Plaintiffs Are Not Excluded from Pleading Section 523(a)(2)(A), the Court Should Dismiss the First Cause of Action Under Section 523(a)(2)(A) for Failure to Plead Required Elements and Failure to Plead with Particularity**

The Court should dismiss Plaintiffs' First Cause of Action under section 523(a)(2)(A) because it fails to plead even the basic elements of the underlying claims, much less plead fraud with requisite particularity. Rule 9(b) applies to claims under section 523(a)(2) and requires that fraud be pleaded with particularity. Fed. R. Civ. P. 9(b); *see also LBS Financial CU v. Cracium (In re Cracium)*, 2014 WL 2211742, at *5 (B.A.P. 9th Cir. May 28, 2014). "The plaintiff must state precisely the time, place, and nature of misleading statements, misrepresentations, and specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).

The FAC is inadequate because it pleads allegations generally instead of with particularity. For example, paragraph 31 of the FAC incorporates all the preceding paragraphs, which include generalized allegations not specific to any particular alleged fraud. *See* Adv. Dkt. 8 at 10. Furthermore, paragraph 32 of the FAC is a recitation of law, not facts, providing a veneer of specificity that goes only to the law but not to the factual allegations in this Adversary Proceeding. Moreover, paragraph 34 of the FAC, which should have specified facts, instead provides a generic reference to "[a]s alleged above," and leaves Debtors to attempt deciphering which, if any, of the 33 preceding paragraphs specifically allege fraud.

**1. Plaintiffs' Factual Allegations Are Temporally Implausible and Unspecific**

Furthermore, even if Debtors were able to decipher what Plaintiffs mean, there is no temporal connection in the allegations, causing the FAC to fail on its face. To wit, Plaintiffs apparently allege that the purported fraudulent representations were made "[i]n or around late 2021," Adv. Dkt. 8 at 4:13 (¶ 10), and the alleged representations for payouts were related to events "to begin in 2023"— more than a year into the future, Adv. Dkt. 8 at 5:9 (¶ 14.a). The second temporal reference is wholly unspecific because as plead, the alleged misrepresentation could have occurred anywhere between January 1, 2023, and December 31, 2023.

Plaintiffs create further confusion by making compound allegations of a fraudulent omission "[a]t the time Andrew solicited Plaintiffs ***and*** accepted their investment in January 2023," i.e., during two events with only one date. Adv. Dkt. 8 at 6:5–6 (¶ 15) (emphasis added). This implies that both events could have happened in January 2023, which is irreconcilable with allegations just a few paragraphs prior. Specifically, the FAC allege a meeting and solicitation more "in or around late 2021," Adv. Dkt. 8 at 4:13 (¶ 10), such that Plaintiffs' alleged "investment" was not made until 13 months or more later in January 2023, Adv. Dkt. 8 at 6:5–6 (¶ 15). Additionally, Plaintiffs fail to provide any specific dates or timeframes for the laundry list of alleged representations that Andrew made to Defendants in paragraph 14 of FAC. Plaintiffs further fail to state any specific allegations regarding whether Andrew knew or could have known that his alleged statements were materially false or misleading.

**2. The FAC Lacks Sufficient Allegations as to the Falsity of Andrew's Alleged Misrepresentations**

Nor is there any specific allegation as to whether these alleged representations were indeed false or misleading when they were made (whether in "late 2021" or "January 2023") as opposed to the "investment" souring months or years later. The FAC itself refutes any such allegation by admitting that a series of negative events occurred long ***after*** Andrew's alleged representations in late 2021 or January 2023, namely "default notices issued in or about March 2023, a forcible takeover of Hotel Laguna . . . on or about May 2, 2023, and a temporary restraining order issued on or about May 5, 2023." Adv. Dkt. 8 at 7–8 (¶ 21). Plaintiffs attempt to save the flawed FAC with the allegation that "Plaintiffs are informed and believe" that such conditions were known by Andrew and concealed by him, *id*. at 8:2–4, but Plaintiffs' attempt fails because Andrew could not possibly have known what third parties would do months later, including third-parties issuing notices of default, third-parties engaging in a physical, hostile takeover of a hotel, and most implausibly — a court deciding to issue a TRO. This is not a case of alleged indemnification against any and all future harms. Plaintiffs bring a case of fraud. To do so, they must have allegations that make plausible sense. As shown above, they do not.

**3. The FAC Provides Even Less Factual Detail Than the Complaint Did**

The FAC goes on to allege generally without any specifics some mysterious "disputes among [Hotel Laguna's] principals" and "an improperly secured loan." Adv. Dkt. 8 at 8:20–21 (¶ 24). Debtors

cannot decipher what disputes and what loans Plaintiffs are alleging, who made them, when, where, and why. Notably, Plaintiffs' Complaint in its amended form completely deletes paragraph 25 of the original complaint that had relied upon a mysterious and unnamed "private arbitration" and a "partial interim award dated on or about February 21, 2025" related to an allegation of fraud. *See*, original complaint [Adv. Proc. Dkt. 1] ¶25 ln. at 9:9–10[1] *with* Adv. Dkt. 8 at 8; see also Request for Judicial Notice Exhibits 1 and 2 filed concurrently herewith]. Usually, plaintiffs amend complaints to add factual allegations, not delete them, implying that Plaintiffs may have appreciated the implausibility of at least some their original factual allegations. With regard to the Complaint that had ***more*** information than the FAC, Plaintiffs relied upon the "private arbitration" but did not name who were parties to this private arbitration, where it was conducted, or attach any documentation that would explain the same. Nonetheless, Plaintiffs relied on this unknown "private arbitration" as the "facts" that "confirm that Andrew's representations . . . were materially false when made, [and] that Andrew concealed the true condition of the portfolio . . ." in the Complaint. *See* Adv. Dkt. 1 at 9:14–17 (¶ 26). Plaintiffs, with even less information in the FAC, make the same generalized allegations. *See* Adv. Dkt. 8 at 8:22–25 (¶ 25).[2]

The particularity and detail demanded by Rule 9(b) exists for good reason, as it forces a plaintiff to prepare a complaint that "identifies the circumstances constituting fraud so a defendant can prepare an adequate answer from the allegations." *In re Wagoner Funds, Inc. Sec. Litig.*, 382 F. Supp. 2d 1173, 1180 (N.D. Cal. 2004). "The purpose of Rule 9(b) is to provide notice of the 'precise misconduct' with which defendants are charged and to prevent false or unsubstantiated charges." *Rolo v. City Invest. Co. Liquidating Trust.*, 155 F.3d 644, 658 (3d Cir. 1998). "To meet [the Rule 9(b)] standard, a complaint must identify the <u>who, what, when, where, and how</u> of the misconduct charged." *Salameh v. Tarsadia Hotel*, 726 F.3d 1123, 1133 (9th Cir. 2013) (emphasis added); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011); *Cracium*, 2014 WL 2211742 at *5. Plaintiffs' pleading of

---

[1] A true and correct copy of the original complaint is attached as **Exhibit 2** to the Request for Judicial Notice filed concurrently herewith.

[2] In fact and in truth, Plaintiffs removed these allegations because counsel for the Defendants demonstrated that they were false and prejudicial. [See Declaration of Joseph M. Rothberg filed concurrently herewith **Exhibits A and B].** The Stupins believe that this only further demonstrates the nature of this Complaint – which was to get any and all allegations before the cutoff for bringing section 523 Complaints, whether or not sufficient investigation had been done ahead of time.

multiple causes of action in paragraphs 1 through 38 of the FAC renders it impossible for the Debtors to know the precise alleged misconduct of which they are being accused.

**4. <u>The FAC Contains a "Kitchen Sink"-Style Claim Under Section 523(a)(2)(A), but Fails to Plead the Requisite Elements</u>**

The various differences inherent in a claim under section 523(a)(2)(A) shows why it is necessary to plead elements of the claim with particularity. Section 523(a)(2)(A) allows for relief on three disjunctive types of acts: "false pretenses, false representation, or actual fraud." *Husky Int'l Electronics v. Ritz*, 136 S.Ct. 1581, 1590 (2016). Each of the three involves different elements. *See Veazey v. Sutton (In re Sutton)*, 2016 WL 3224736, at *1, *3 (Bankr. N.D. Ga. June 2, 2016).

False representation requires a showing that: "(1) the debtor made a false representation to deceive the creditor, (2) the creditor relied on the misrepresentation, (3) the reliance was justified, and (4) the plaintiff sustained a loss as a result of the misrepresentation." *Id*. A claim for actual fraud concerns fraudulent conveyance-type schemes. *Husky*, 578 U.S. at 359 ("[T]he term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyances, that can be effected without a false representation."); *PRN Real Est. & Invs., Ltd. v. Cole*, 85 F.4th 1324, 1344, 1346-47 (11th Cir. 2023) (citing *Husky*); *see also In re Wigley*, 15 F.4th 1208, 1212 (8th Cir. 2021) ("A transferee who receives a fraudulent transfer with the requisite wrongful intent commits 'actual fraud,' and any debts traceable to the fraudulent transfer are excepted from discharge." (citing *Husky*)). Finally, false pretense has been defined as "implied misrepresentations or conduct intended to create and foster a false impression." *Sutton*, 2016 WL 3224736, at *3. All three theories under section 523(a)(2)(A) require intent and deception. *Id*.

Here, Plaintiffs plead all three: false pretenses, false representation, and actual fraud. *See* Adv. Dkt. 8 at 11:1–2, 12:1–2 (¶¶ 33, 37). Moreover, because Plaintiffs plead all three types of acts under section 523(a)(2)(A), including actual fraud, through the general incorporation by reference of paragraphs 1 through 30 of the FAC, the FAC implies that the actual fraud involved false pretenses and false representations — and vice versa — such that all three must be plead with particularity and with all five elements set forth by the Ninth Circuit Court of Appeals. But the Complaint is deficient because Plaintiffs do not plead the elements required to state a claim under section 523(a)(2)(A):

(1) A misrepresentation, fraudulent omission or deceptive conduct by the debtor;

(2) Debtor's knowledge of the falsity or deceptiveness of the statement or conduct at the time it occurred;

(3) Debtor's intent to deceive;

(4) Justifiable reliance by the creditor on the debtor's statement or conduct; and

(5) Damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010).

As to justifiable reliance, the fourth element of a section 523(a)(2)(A) claim, the FAC is impermissibly vague. In determining whether a creditor's reliance was justifiable, bankruptcy courts "must look to all of the circumstances surrounding the particular transaction, and must particularly consider the subjective effect of those circumstances upon the creditor." *In re Kirsh,* 973 F.2d 1454, 1460 (9th Cir. 1992); *see also Field v. Mans*, 516 U.S. 59, 71 (1995) (holding that justifiable reliance takes into account the "qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all cases"). If a creditor has "'special knowledge, experience, and competence' he may not be permitted to rely on representations that an ordinary person would properly accept." *In re Kirsh*, 973 F.2d at 1458. "Lenders do not merely rely upon the representations of borrowers. That is especially true when the lender knows that the borrower is having financial difficulties and does not always pay his bills in a timely fashion." *Id.* at 1461. "A person cannot purport to rely on preposterous representations or close his eyes to avoid discovery of the truth." *Id.* at 1459. Plaintiffs plead no factual allegations as to justifiable reliance on *Debtors'* alleged representation, instead admitting the investment was based upon the prior successful investment by Plaintiffs' father-in-law. Adv. Dkt. 8 at 11:25–27 (¶ 36) ("Plaintiffs' reliance was justifiable in light of . . . the apparent success of the prior investment made by Tayler's father-in-law")]. Are Debtors to understand that Plaintiffs are sophisticated investors investing $1 million of capital from years of hard-earned business and investment experience, or are Plaintiffs oblivious trust-fund-endowed ne'er-do-wells gifted with $1 million that was naively frittered away upon the advice (good or bad) of anyone who crosses their path and allegedly promises a "guaranteed return of fifteen percent (15%) per year, which would

accrue immediately" and "three times the investor's original investment"? *See* Adv. Dkt. 8 at 5:7–8, 5:12 (¶¶ 14.a, 14.b). The FAC is wholly deficient in these regards.

The FAC is also impermissibly vague as to proximate cause, the fifth element of a section 523(a)(2)(A) claim. Proximate cause entails (1) causation in fact, which requires a defendant's misrepresentations to be a substantial factor in determining the course of conduct that results in loss, and (2) legal causation, which requires a creditor's loss to "reasonably be expected to result from the reliance." *Beneficial Cal., Inc. v. Brown (In re Brown)*, 217 B.R. 857, 862 (Bankr. S.D. Cal. 1998) (citing Restatement (Second) of Torts §§ 546, 548A). As to this element, Plaintiffs nonsensically double-up on both "the promised returns" and "prejudgment interest." *See* Adv. Dkt. 8 at 12:3 (¶ 27). The alleged promised return is already 15% annually or triple the investment, while interest is a substitute for the time value of money of an investment — it might be either, but it cannot be both. Furthermore, the FAC is impermissibly vague as to whether promised returns are 15% or triple the investment or how they have been proximately caused harm where a speculative investment does not pan out.

"We apply Rule 9(b) to fraud complaints with 'bite' and 'without apology.'" *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir.2009). Here, Plaintiffs' failure to plead the elements of the underlying claims and the who, what, when, where, and how of the alleged misrepresentations and fraud, making it impossible for the Debtor to answer and defend. Such failure is fatal to the First Cause of Action. Because many of the deficiencies cannot possibly be cured by amendment, dismissal of the First Cause of Action should be without leave to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**E. Plaintiffs' Second Cause of Action Fails to State a Claim for Embezzlement Under Section 523(a)(4)**

Plaintiffs' Second Cause of Action concerns a claim against Andrew for embezzlement under section 523(a)(4). For purposes of section 523(a)(4), federal law and not state law controls the definition of "embezzlement." *In re Wada*, 210 B.R. 572, 576 (B.A.P. 9th Cir. 1997). "Embezzlement is defined as 'the fraudulent appropriation of property by a person to whom such property has been [e]ntrusted or into whose hands it has lawfully come.'" *Id*. (quoting *Moore v. United States*, 160 U.S. 268, 269 (1885)). A plaintiff must prove: (1) property rightfully in the possession of a nonowner; (2) the nonowner's

appropriation of the property to a use other than that for which it was entrusted; and (3) circumstances indicating fraud. *In re Littleton*, 942 F.2d 551, 555 (9th Cir. 1991); *In re Peltier*, 643 B.R. 349, 360 (B.A.P. 9th Cir. 2022).

"'[E]mbezzlement requires a showing of wrongful intent.'" *Peltier*, 643 B.R. at 360 (quoting *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 274 (2013)). "[W]rongful intent in this context has been described as 'moral turpitude or intentional wrong' or 'felonious intent.'" *Id.* "Courts to consider the scienter requirement for an embezzlement claim consistently have ruled, or otherwise stated, that a claim of embezzlement requires a specific intent to defraud." *In re Razavi*, 539 B.R. 574, 600 (Bankr. N.D. Cal. 2015).

Here, the FAC is grossly inadequate because it fails to state *any* factual allegations regarding an intent to defraud on Andrew's part. *See generally* Adv. Dkt. 8 at 1–13 (¶¶ 1–42). Accordingly, the Court should dismiss Plaintiffs' Second Cause of Action as to embezzlement.

**F. <u>Plaintiff's' Third Cause of Action Fails to State a Claim Under Section 523(a)(6)</u>**

The Court should dismiss Plaintiff's section 523(a)(6) claim for the same reasons set forth above regarding Plaintiffs' section 523(a)(2) claims. Section 523(a)(6) is not a refuge for deficient section 523(a)(2) claims, and a claim dismissible under section 523(a)(2) cannot be allowed to survive as a claim under section 523(a)(6). *McCrary v. Barrack (In re Barrack)*, 217 B.R. 598, 606 (B.A.P. 9th Cir. 1998). In the Third Cause of Action, Plaintiffs again allege and reincorporate paragraphs 1 through 42 of the FAC, which are the same paragraphs used to allege fraud in First Cause of Action and embezzlement in the Second Cause of Action, which itself requires indications of fraud. A claim under section 523(a)(6) is essentially one for intentional tort, that is, "only for acts done with the actual intent to cause injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).

Plaintiffs' factual allegations related to their willful and malicious injury claim, each of which are solely incorporated by reference from earlier causes of action, are generalized, barebones and grounded in fraud. *See, e.g.,* Adv. Dkt. 8 at 13:26 (¶ 45) ("Andrew's conduct in fraudulently…"). Because Plaintiffs fail to provide notice of the precise alleged misconduct, the Third Cause of Action should be dismissed for all of the same reasons relating to the deficient First and Second Causes of Action, including failure to plead with particularity under Rule 9(b).

The Third Cause of Action should also be dismissed because, under section 523(a)(6), a creditor must prove that the debtor's conduct in causing injuries was both (i) willful and (ii) malicious, with a separate analysis for each prong. *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 711 (9th Cir. 2008). Willfulness requires proof that the debtor deliberately or intentionally injured the creditor or the creditor's property, and that in doing so, the debtor ***intended*** the consequences of his act, not just the act itself. *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1143 (9th Cir.2002). Therefore, the Complaint would need to allege that Andrew intended to solicit Plaintiffs' $1 million investment ***and*** intended for that $1 million to be lost. Here, there are no facts alleged to support such a baseless allegation, and, instead, Plaintiffs fall back on the deficient barebones recitals long ago condemned by the Supreme Court in *Twombly*. *See* 550 U.S. at 555; Adv. Dkt. 8 at 13–14 (¶ 45).

The debtor's willful intent is determined subjectively, not objectively. "The subjective standard correctly focuses on the debtor's state of mind and precludes application of § 523(a)(6)'s nondischargeability provision short of the debtor's *actual* knowledge that harm to the creditor was *substantially certain*." *Su*, 290 F.3d at 1146 (emphasis added). Nothing in the FAC alleges (beyond barebone recitals) what Andrew's subjective intent or actual knowledge of substantial harm to Plaintiffs could or would allegedly be. *See* Adv. Dkt. 8 at 13–14 (¶ 45).

For conduct to be malicious, the creditor must prove the debtor: (1) committed a wrongful act; (2) acted intentionally; (3) necessarily caused injury; and (4) did so without just cause or excuse. *Su*, 290 F.3d at 1143. The FAC essentially recites these bare elements without explanation. *See* Adv. Dkt. 8 at 13–14 (¶ 45). This is exactly the type of complaint the Supreme Court finds deficient: "[T]he pleading standard Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). The FAC must do more. Accordingly, the Court should dismiss the Third Cause of Action. Because the deficiencies cannot possibly be cured by amendment, dismissal of the Third Cause of Action should be without leave to amend. *See Jackson*, 353 F.3d at 758; *Lopez*, 203 F.3d at 1127.

## G. The Fourth Cause of Action Under 11 U.S.C. § 529(a)(19) Should Be Dismissed

Plaintiffs' fourth claim for relief seeks nondischargeability under section 523(a)(19) for Andrew's alleged violation of state securities laws and fraud in connection with the sale of a security. The statute

states, in pertinent part:

> A discharge . . . does not discharge an individual debtor from any debt . . . that—
>
> (A) is for—
>
> (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
>
> (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
>
> (B) results, before, on, or after the date on which the petition was filed, from—
>
> (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>
> (ii) any settlement agreement entered into by the debtor; or
>
> (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor[.]

11 U.S.C. § 523(a)(19).

"To prevail on their (a)(19) claims, Plaintiffs must demonstrate that (1) there was a violation of state or federal securities law or fraud in connection with their purchase of INB stock, and (2) their claims arise from a judicial or administrative order or settlement agreement." *In re Bae*, 645 B.R. 272, 287 (Bankr. N.D. Cal. 2022). While there is a split of authority as to whether the Court can decide a section 523(a)(19) claim absent an order from a nonbankruptcy court as to the debt, the Debtors have observed decisions holding that the Court may be the "instigator court" and will assume for purposes of this motion only that this Court could decide all aspects of such a claim.

Plaintiffs cannot establish a claim for relief under section 523(a)(19) because the transaction is an exempt transaction. Plaintiffs allege that the membership interest in Harbor Island Group, LLC, was a security and that its offer and sale violated Section 25110 of the California Corporations Code because it was not qualified for sale and no exemption applied. Yet Plaintiffs' choice to incorporate documents by reference defeats the very claim Plaintiffs want to plead. *See* Adv. Dkt. 8 at 9:11–13 (¶ 27) ("The Harbor Island operating documents further reflect that the membership interests are restricted securities under the Securities Act of 1933."). The Debtors respectfully request that the Court take judicial notice of the Amended and Restated Operating Agreement of Harbor Island Group LLC, which is an exhibit to the

adversary complaint filed in the related proceeding entitled *James Watt Investments, LLC v. Stupin* (Adv. No. 8:26-ap-01094-SC), at Dkt. 1-1.[3] *See Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d at 439.

The California Corporations Code, together with the incorporated documents, only serves to confirm that the transaction was exempt from qualification. Under the California Corporations Code, certain "transactions are exempted from the provisions of Section 25110," and they include the following:

> an "offer or sale of nonredeemable securities ***to accredited investors*** (Section 28031) by a person licensed under the Capital Access Company Law (Division 3 (commencing with Section 28000) of Title 4), provided that all purchasers either (1) have a preexisting personal or business relationship with the offeror or any of its partners, officers, directors, controlling persons, or managers (as appointed or elected by the members), or (2) by reason of their business or financial experience or the business or financial experience of their professional advisers who are unaffiliated with and who are not compensated by the issuer or any affiliate or selling agent of the issuer, directly or indirectly, could be reasonably assumed to have the capacity to protect their own interests in connection with the transaction. All nonredeemable securities shall be evidenced by certificates that shall have stamped or printed prominently on their face a legend in a form to be prescribed by rule or order of the commissioner restricting transfer of the securities in the manner as the rule or order provides. The exemption under this subdivision shall not be available for any offering that is exempt or asserted to be exempt pursuant to Section 3(a)(11) of the Securities Act of 1933 (15 U.S.C. Sec. 77c(a)(11)) or Rule 147 (17 C.F.R. 230.147) thereunder or otherwise is conducted by means of any form of general solicitation or general advertising.

Cal. Corp. Code § 25102(p) (emphasis added). Harbor Island Group LLC would appear to be covered by the statute's exemption. The operating agreement for Harbor Island Group LLC includes restrictions on transfer, which the exemption provision contemplated. Ex. 3 to RJN at 28-29 (¶ 10). Because the transaction is exempt from qualification, Plaintiffs cannot establish a violation of state securities laws. Accordingly, the only possible means for Plaintiff to obtain relief under Section 523(a)(19) is to plead fraud in connection with the purchase or sale of any security. 11 U.S.C. § 523(a)(19)(A)(ii). However, Plaintiffs' attempt in the FAC to make out a claim for fraud fails, as Defendants discussed in detail above.

Accordingly, Plaintiff's claim for relief under section 523(a)(19) must be dismissed for failure to state a claim upon which relief can be granted. Because the deficiencies cannot possibly be cured by amendment, dismissal of the Fourth Cause of Action should be without leave to amend. *See Jackson*, 353 F.3d at 758; *Lopez*, 203 F.3d at 1127.

---

[3] A true and correct copy of the Amended and Restated Operating Agreement of Harbor Island Group LLC is also attached as **Exhibit 3** to the concurrently filed Request for Judicial Notice.

**H. The Fifth Cause of Action Related to Community Claims Should Be Dismissed**

Plaintiffs' Fifth Cause of Action relates to a community claim, which, in turn, relies on the First through Fourth Causes of Action. *See*, Complaint ¶58. Accordingly, if the First through Fourth Causes of Action are dismissed, then the Fifth Cause of Action must also be dismissed.

**I. Debtor's Rights to Article III Tribunal and Jury Trial Are Reserved**

The Debtor respectfully submits that this Court does not have jurisdiction to hear Plaintiffs' First, Second, Third, and Fourth Causes of Action to the extent that they seek to establish liability (and not simply non-dischargeability) in the first instance. Congress cannot bestow jurisdiction on the bankruptcy court to adjudicate claims arising at common law. *Executive Benefits Ins. Agency v. Arkinson*, 134 S.Ct. 2165, 2172 (2014) (citing *Stern v. Marshall*, 131 S.Ct. 2594, 2611 (2012)). The First, Second, Third, and Fourth Causes of Action for fraud, embezzlement, tort, and securities fraud are non-core actions at common law or state-law statute that are matters constitutionally reserved for an Article III judge. *See Stern*, 131 S.Ct. at 2609.

Bankruptcy courts may hear certain claims that violate the separation of powers set forth by Article III of the Constitution, but only "when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge." *Wellness Intern Network, Ltd. v. Sharif*, 135 S.Ct. 1932, 1939 (2015). The Debtors submit that they do not have to take any position on Article III jurisdictional issues at this time because the FAC should be dismissed in its entirety. Nonetheless, if the FAC is not dismissed, the Debtors do not consent to adjudication of the First, Second, Third, and Fourth Causes of Action by this Court in the first instance as to liability. These causes of action would result in the Debtors being "forced to litigate involuntarily before a non-Article III court," which would result in violation of their rights to an Article III decision-maker. *Sharif*, 135 S.Ct. at 1947. All of the Debtors' rights on such issues are specifically reserved and consent is specifically withheld.

Likewise, the Debtors reserve their rights to a jury trial on the First, Second, Third, and Fourth Causes of Action. The Supreme Court's decision in *Stern* "fully equated bankruptcy litigant's Seventh Amendment right to a jury trial in federal bankruptcy proceedings with their right to proceed before an Article III judge." *Executive Benefits Ins. Agency v. Arkinson (In re Bellingham Insurance Agency, Inc.)*, 702 F.3d 553, 563 (9th Cir. 2012). "Unless Congress may and has permissibly withdrawn jurisdiction

over that action by courts of law and assigned it exclusively to non-Article III tribunals sitting without juries, the Seventh Amendment guarantees petitioners a jury trial upon request." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 49 (1989). No branch of government can erase a defendant's Seventh Amendment right to jury trial on common law matters simply by placing those rights in juryless tribunals as part of a more convenient administrative scheme. *Granfinanciera*, 492 U.S. at 51-52. All of the Debtors' rights to a jury trial are reserved, and consent to a bench trial is withheld on the First, Second, Third, and Fourth Causes of Action in the first instance of establishing liability (though not as to the question of non-dischargeability).

**J. <u>To the Extent the Complaint Is Not Dismissed, the Court Should Order Plaintiffs to Make a More Definitive Statement</u>**

For all the reasons explained above, the FAC, taken as a whole, is so vague and incomprehensible that the Debtors cannot reasonably be expected to respond to its allegations. Accordingly, in the event the Court is not inclined to dismiss the FAC in its entirety (despite Debtors' strong showing that this result would be appropriate), the Court should require a more definite statement of claims pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e).

A motion for more definite statement will be granted where the complaint does not apprise the defendant of the substance of the claim being asserted. *See*, *e.g.*, *FRA S.p.A v. Surg-O-Flex of Am.*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976). A Rule 12(e) motion is proper where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted and is therefore unable to frame a proper response. *See Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981). As held by the court in *Frederick v. Koziol*, 772 F.Supp. 1019, 1021 (E.D.Va.1990), it is only in situations where the complaint gives a defendant fair notice of the claims against him, that a motion for more definite statement will be denied.

/ / /

/ / /

## V. CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order:

(1) Granting the Motion;

(2) Affirming the notice of the Motion;

(3) Dismissing Plaintiffs' First, Second, Third, Fourth, and Fifth, Causes of Action; or, in the alternative;

(4) Requiring Plaintiffs to amend the FAC with more definitive statements pursuant to Rule 12(e); and

(5) Granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: October 15, 2026

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: */s/ David B. Golubchik*
DAVID B. GOLUBCHIK
JOHN-PATRICK M. FRITZ
JOSEPH M. ROTHBERG

Attorneys for Defendants Andrew Stupin and Julie Stupin, Chapter 11 Debtors and Debtors in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled: **Defendants' Notice Of Motion And Motion: (1) To Dismiss Plaintiffs' First Amended Complaint Pursuant To Rule 12(B) Of The Federal Rules Of Civil Procedure; Or (2) For More Definitive Statement Pursuant To Rule 12(E) Of The Federal Rules Of Civil Procedure** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 15, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- David B Golubchik dbg@lnbyg.com, dbg@lnbyg.com
- Marc A Lieberman marc.lieberman@flpllp.com, addy@flpllp.com,ethan@flpllp.com
- Joseph M Rothberg jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **October 15, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Honorable Scott C. Clarkson*
*United States Bankruptcy Court*
*411 West Fourth Street, Suite 5130 / Courtroom 5C*
*Santa Ana, CA 92701-4593*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 15, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 15, 2026 | J. Klassi | /s/ J. Klassi |
|---|---|---|
| *Date* | *Type Name* | *Signature* |